UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS WYATT, JR., <br> CYNTHIA MCLURE, <br> JESSICA WHALEN-BAINE, <br><br> Plaintiffs, <br><br> v. <br><br> TERRE HAUTE POLICE DEPARTMENT, <br> RICK J. DECKER Det. #163, <br> KEITH MOWBREY Det. #101, <br> VIGO COUNTY, <br><br> Defendants. | No. 2:20-cv-00309-JPH-DLP |

**ORDER**

### I.   Joint Litigation

Plaintiffs William Wyatt, Cynthia McLure, and Jessica Whalen-Bane have filed a complaint alleging Defendants violated their constitutional rights. Dkt. 1.

The Seventh Circuit has described in detail the potential downsides for prisoners proceeding in joint litigation with other prisoners. *See Boriboune v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004). It therefore suggested that District Courts "alert prisoners" to these downsides "and give them an opportunity to drop out" of the action. *Id.* at 856. The three primary downsides are the following. First each Plaintiff must pay a full filing fee. Second, each Plaintiff risks that any claim deemed sanctionable under Fed. R. Civ. P. 11 could lead to sanctions for each Plaintiff. Third, each Plaintiff incurs

1

a "strike" under § 1915(g) if the action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

However, the complaint does not specify whether Plaintiffs McLure and Whalen-Bane are prisoners. *See* dkt. 1. It also does not provide their addresses. The Court must be able to communicate with all Plaintiffs for this case to proceed.

Moreover, unless Plaintiffs are attorneys, one Plaintiff cannot speak for the others. *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("[I]ndividuals are permitted to litigate pro se, though not to represent other litigants."). Only Plaintiff Wyatt has signed the complaint. Dkt. 1 at 4, 5.

For this case to proceed therefore, each Plaintiff **SHALL FILE** by **September 4, 2020** a signed statement identifying their address, whether they are prisoners, and whether they choose to maintain this case. This case **shall be dismissed without prejudice** as to any Plaintiff who does not respond.

## II.   *In Forma Pauperis* Status

Mr. Wyatt has not paid the $400 filing fee prescribed by Congress. *See* 28 U.S.C. § 1914(a). He also appears to have "struck out" under 28 U.S.C. § 1915(g). That statute "prohibits a prisoner from proceeding [*in forma pauperis*] if, on three or more occasions during his imprisonment, he has 'brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Turley v. Gaetz*, 625 F.3d 1005, 1006 (7th Cir. 2010). The "sole statutory exception" is if "the prisoner is under imminent danger of serious physical injury." *Id.*

2

Mr. Wyatt has not alleged imminent danger, and he has had three prior cases dismissed for failure to state a claim:

1) 2:16-cv-123-WTL-MJD, dkt.8; dkt. 9.

2) 2:16-cv-146-JMS-MJD, dkt. 19; dkt. 20.

3) 2:16-cv-425-JMS-MJD, dkt. 7; dkt. 8.

Mr. Wyatt shall have through **September 4, 2020** to pay the $400 filing fee to the clerk of the district court or to show cause why his motions to proceed *in forma pauperis*, dkt. 8; dkt. 10, should not be denied under the three-strikes provision.

**SO ORDERED.**

Date: 8/4/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM DOUGLAS WYATT, JR.
132564
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only